IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL-HAKIYM ISMAIYL, | ) | CASE NO. 1:16 CV 1314 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FATIMAH D. BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Abdul-Hakiym Ismaiyl filed the above-captioned civil rights action under 42 U.S.C. § 1983 against his child's mother Fatimah D. Brown, Cuyahoga County Department of Children and Family Services Employee Rebecca Botchway, Cuyahoga County Juvenile Court Magistrate Eleanor E. Hilow, Court-Appointed Guardian Ad Litem Steven DeJohn, Esq., Cuyahoga County Juvenile Court Judge Donald L. Ramsey, Ohio Eighth District Court of Appeals Judge Sean C. Gallagher, Ohio Eighth District Court of Appeals Judge Timothy McCormack, Ohio Eighth District Court of Appeals Judge Kenneth A. Rocco, Cuyahoga County Assistant Prosecutor Joseph C. Young, Cuyahoga County Prosecutor Timothy McGinty, and Cuyahoga County Assistant Prosecutor John Jackson. In the Complaint, he alleges the Defendants conspired against him in the course of a prior child custody case, and a current criminal prosecution pending against him in the Cuyahoga County Court of Common Pleas. He asks this Court to enjoin the pending criminal case, and award him punitive damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 7). That Application is granted.

### Factual and Procedural Background

Plaintiff's Complaint contains very few factual allegations. He references a child custody case filed in the Cuyahoga County Juvenile Court in 2011. Defendant Brown claimed Plaintiff was not complying with the terms of the custody order. He indicates his custody rights were terminated in 2012. He filed appeals of the Juvenile Court decisions from 2012 to 2013 but was not successful in obtaining the relief he sought.

In addition, Plaintiff was indicted in the Cuyahoga County Court of Common Pleas on May 17, 2016 on charges of tampering with records. Plaintiff did not appear for the arraignment on June 1, 2016 and instead filed a Notice of Special Appearance and indicated he would not enter a plea. The court issued a capias for his arrest.

Plaintiff contends the Defendants conspired against him. He also asserts violations of his First and Fourteenth Amendment rights. He asks this Court to enjoin the pending state court criminal proceedings. In the case caption on his Complaint, he also indicates he is seeking punitive damages.

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

As an initial matter, this Court cannot enjoin a pending state court criminal proceeding. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the

federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The criminal case is still pending against Plaintiff. State court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Plaintiff has an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, Plaintiff has not shown that the claims he asserted in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

Furthermore, Plaintiff cannot obtain damages against these Defendants. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United

States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. Section 1983 does not address merely private conduct, even if the conduct is discriminatory or wrongful. *Mineo v. Transp. Management of Tenn., Inc.*, 694 F.Supp. 417, 423 (M.D. Tenn. 1988); *Perdue v. Quorum, Inc.*, 934 F.Supp. 919, 922 (M.D. Tenn. 1996). A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

Fatimah Brown is a private party, not a state government official. Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). She is not subject to suit under 42 U.S.C. § 1983.

Attorney Steven DeJohn was the court-appointed Guardian Ad Litem in the child custody case. Where the Guardian reports to the court as an independent investigator, or acts as an advocate of the child, he or she is not a state actor for purposes of § 1983. *Reguli v. Guffee*, 371 F. App'x 590, 601 (6th Cir. 2010); *Kirtley v. Rainey*, 326 F.3d 1088, 1095 (9th Cir. 2003). *See also Holley v. Deal*, 948 F. Supp. 711, 715 (M.D. Tenn. 1996) (Guardian Ad Litem is not a state actor where the state did not exercise power over the Guardian's independent judgment).

Alternatively, even if Steven DeJohn were found to be acting "under color of law," he would be absolutely immune from civil rights actions. *See Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th

Cir. 1984)(Guardian Ad Litem, like witnesses and other persons who are integral parts of the judicial process, is entitled to absolute immunity); *Holley*, 948 F. Supp. at 715 (Guardian Ad Litem, if found to be a state actor, would be absolutely immune from damages). Steven DeJohn is not subject to suit under § 1983.

Magistrate Hilow, and Judges Ramsey, Gallagher, McCormack, and Rocco are absolutely immune from suits for damages. Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. From the limited facts presented in Plaintiff's Complaint, it appears Plaintiff is claiming the Judges conspired against him by not ruling in his favor. He has not presented factual allegations to suggest that either exception to absolute immunity applies in this case. Magistrate Hilow, and Judges Ramsey, Gallagher, McCormack, and Rocco are entitled to absolute immunity from suit.

Prosecutors are also entitled to absolute immunity for claims stemming from their initiation of criminal proceedings or their presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his

or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the state's attorney. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Imbler*, 424 U.S. at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000), or "undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990).

It appears from references in the attachments to Plaintiff's Complaint that Mr. Young may have represented the state in a child support enforcement action. Mr. McGinty, as the Cuyahoga County Prosecutor, brought charges against Plaintiff for tampering with records. Both attorneys were acting as the state's advocate to initiate criminal charges and present the state's case against the Plaintiff. They are entitled to absolute immunity from suit.

Plaintiff does not mention Mr. Jackson in his pleading and the Court cannot locate his name in the attachments to the Complaint. Plaintiff refers to him as an Assistant Cuyahoga County

Prosecutor in the case caption. To the extent he is sued for his role in prosecuting Plaintiff, he is absolutely immune from suit.

To the extent Mr. Jackson performed some other role, Plaintiff fails to state a claims upon which relief may be granted against him. Although the basic pleading standard is liberal for *pro se* litigants, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The Complaint must contain enough facts to give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff fails to allege sufficient facts regarding this Defendant to meet the basic pleading requirement under Federal Civil Procedure Rule 8.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 7) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _____

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.