**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ABDUL-HAKIYM ISMAIYL,** ) | **CASE NO. 1:16 CV 1314** |
| ) | |
| **Plaintiff,** ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **v.** ) | |
| ) | **MEMORANDUM OF OPINION** |
| **FATIMAH D. BROWN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

Before the Court is *pro se* Plaintiff Abdul-Hakiym Ismaiyl's Motion for Relief and Recusal (ECF No. 13) and his Motion to Appeal *In Forma Pauperis* (ECF No. 15).  In his Motion for Relief and Recusal, he argues his case had merit and challenges this Court's denial of his Motion for Preliminary Injunction and dismissal of this case.  He asks this Judge to reopen his case and recuse himself from further proceedings.  He also filed an Appeal of the dismissal of his case and seeks permission to proceed *in forma pauperis* on appeal.  For the reasons stated below, both Motions are denied.

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against his child's mother, a Cuyahoga County Department of Children and Family Services Employee, a Cuyahoga County Juvenile Court Judge and Magistrate, the Court-Appointed Guardian Ad Litem, three Ohio Eighth District Court of Appeals Judges, and three Cuyahoga County Prosecutors.  He alleged the Defendants conspired against him in the course of a prior child custody case, and a current criminal prosecution pending in the Cuyahoga County Court of Common Pleas.  He asked this Court to

enjoin the pending criminal case, and award him punitive damages.  This Court indicated it could not enjoin or intervene in a pending state criminal case, and could not award damages to Plaintiff because the child's mother was not subject to suit in a § 1983 action, and the remaining Defendants were immune from suit.  He filed a Motion to Alter or Amend that Judgment under Rule 59(e) (ECF No. 10) claiming his case had merit and challenging the Court's dismissal of his case.  This Court denied that Motion on October 13, 2016 (ECF No. 12).

Undeterred, Plaintiff has now filed this Motion for Relief from Judgment under Rule 60(b)(6) and Rule 60(d)(3) claiming his claims had merit and should not have been dismissed.  He also asks this Judge to recuse himself from the case.  Rule 60(b) permits a district court to grant a Motion for Relief from Judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).  "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."  *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).  Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial Complaint.  *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385

(6th Cir. 2001).  Rule 60(d)(3) allows claimants to escape Rule 60(c)(1)'s one-year statute of limitations imposed on 60(b)(3) Motions for fraud, and allege fraud on the court regardless of the passage of time.  *See Maloof v. Level Propane, Inc*., 429 F. App'x 462, 467 (6th Cir. 2011).

Plaintiff has not established entitlement to relief under Rule 60(b).  Relief from judgment under Rule 60(b)(6) is available only in exceptional or extraordinary circumstances. *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc*., 298 F.3d 586, 596 (6th Cir. 2002); *Olle v. Henry & Wright Corp*., 910 F.2d 357, 365 (6th Cir. 1990).  The Plaintiff has not presented evidence of "exceptional or extraordinary circumstances" that would justify relief from the Court's judgment under Rule 60(b)(6).  Instead, Plaintiff restates arguments he previously raised in his Complaint and in his prior Motion to Alter or Amend Judgment.  That is not a proper basis for relief under Rule 60(b).  Similarly, Plaintiff has not alleged that the Defendants committed fraud on the Court as described in 60(b)(3), or that this Court was deceived by the actions of any of the Defendants in the course of this litigation.  He is not entitled to relief from judgment.

Plaintiff asks the undersigned Judge to recuse himself from this case.  It is clear that the Motion is based upon Plaintiff's disagreement with the Court's prior rulings.  Disqualification must be predicated on "extrajudicial conduct rather than on judicial conduct." *Green v. Nevers*, 111 F.3d 1295, 1303 (6th Cir. 1997)(quoting *United States v, Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)).  There is nothing in the record of this case that would reasonably suggest that recusal is warranted.  Plaintiff's Motion for Relief and Recusal is denied.  (ECF No. 13).

Finally, Plaintiff filed a Motion to Proceed *In Forma Pauperis* on Appeal.  The Court determined in its Memorandum of Opinion dismissing this case that an appeal could not be taken in good faith.  The Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 15) is denied.

*Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

Accordingly, Plaintiff's Motion for Relief and Recusal (ECF No. 13) and Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 15) are denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

  /s/Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: __March 17, 2017_____

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.